# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-2202

———————————————

United States of America

*Plaintiff - Appellee*

v.

Joseph R. Flying Horse

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of South Dakota - Western

——————————

Submitted: October 6, 2022
Filed: October 12, 2022
[Unpublished]

——————————

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Joseph Flying Horse appeals after he pleaded guilty to a firearm offense, and the district court[1] sentenced him to time served and 3 years of supervised release. His

———————————————

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that his speedy trial rights were violated.

Upon careful review, we conclude that Flying Horse's statutory and constitutional speedy trial rights were not violated, as the district court ordered an open-ended continuance to address his numerous motions, and Flying Horse was primarily responsible for the delay of trial. See 18 U.S.C. § 3161(h)(7)(A) (period of delay caused by continuance granted for the interests of justice is not counted under the Speedy Trial Act); United States v. Williams, 557 F.3d 943, 948 (8th Cir. 2009) (Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another; district court's findings of fact are reviewed for clear error and legal conclusions are reviewed de novo); United States v. Shepard, 462 F.3d 847, 864 (8th Cir. 2006) (it would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not; courts consider the length of delay, the reason for the delay, the defendant's assertion of his speedy trial right, and prejudice to the defendant).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____